Lane, C. J.
The spirit with which Burrows has treated the contract has not been very fair, and he has exhibited very little disposition to reconcile all interests with a due regard to justice. A very honest man woqld have consented to pay an additional price, for advantages beyond the contemplation of the contracting parties. But the plaintiff's, standing in his place, having performed all he stipulated, and paid all he contracted to pay, are claiming from the defendant such benefits as result by law from the terms in which the agreement was framed. We have no power to make a new contract between the parties, nor can one of them be compelled against his consent to change that already in existence; we can only enforce his legal rights, as defined and interpreted by the rules of that system we sit here to administer.
By the terms of this contract, the purchaser, on payment duly made, acquired the right to demand from Kelley, in *219 1835, the conveyance of a lot, 120 foot long and not less than 100 feet wide, having both a river front and a street front. The street was not then laid, but was to be laid “nearly parallel to the river.” Although stakes were set by the parties on. the easterly line of the lot, this act is not regarded by the court as fixing the line of the lot, but as marking its supposed boundary; by the nature of the transaction, this line could not be ultimately fixed until *tho street was laid. The vendee was not obliged to accept [219 a conveyance until 1835, and if then he acquired a lot of this size, having a river front and a street front, he would obtain all for which he contracted; the width of the street was not stipulated; the rights secured were, accessibility on one side by water, and on the other by a street. And the vendor bound himself by this contract that he would possess the ability to satisfy these conditions in 1835.
It seems to us, that if the street of 1833 had remained until 1835, i conveyance to its line, being 100 feet from the channel, would have been an entire fulfillment of the obligation, notwithstanding the other lots were of greater depth, and the vendee’s line were thrown back from the line of the others. For he would have obtained what he contracted to receive, and when he rejected the enlargement upon such terms as others were willing to comply with, the vendor was under no obligations to bestow upon him additional advantages, such as others had secured by a price.
But the situation of the property has been materially altered since 1833. A part of the street is vacated, access to the front of the lot, by the street, is cut off, and the twenty feet strip between it and the lot has been conveyed to others; and these alterations have occurred by the agency or the consent of the vendor. Now the law exacts from a vendor, while the contract remains executory, the ability to fulfill it in good faith, according to its substantial meaning. The vendor in this case gave the purchaser the right to demand such a conveyance, in 1835, as would give him a street front. The street of 1833 would give such a front, but this had been so altered, that a conveyance of a lot 100 feet deep would give no such advantage, and that a conveyance to a line where a street was once run, would be no fair fulfillment of the engagement. If-this alteration had been made by some paramount power, or from some cause not within the control of either party, it would raise a different question. But it is impossible to over *220 look the fact, that this alteration was brought about by the agency 220] or the consent of the principal defendant, he assuming *to act as the owner of the lot. If he had originally caused the street» to be run at the distance of 120 feet from the channel, a conveyance of the lot on such a street would have been a fair performance of his obligations; if, by his agency, or through his consent, the street is located at that distance, at the time when he is bound to convey, it seems to us that he can not satisfy his engagements with the purchaser, except by a CQnveyanee of land extending to such a street. The other defendants having purchased with a knowledge of the plaintiff’s claim, he may require from them all which he may demand of the vendor.
It is said in argument that no conveyance of the twenty feet strip should be directed, because by the operation of the statute (29 Ohio L. 351) the fee is vested in the city of Cleveland. The soundness of the objection is not felt by the court. It might be answered that the vendor can not resist making a deed, which ho has stipulated to execute, because it conveys no title ; for he can encounter no greater liability from a deed, even with warranty than arises on the rescission of an executory contract, although he often is subjected to less ; and a bare legal title, held expressly in trust for the owner of the land, and attendant on the inheritance, is never held an obstacle to the specific execution of a contract, if the purchaser is content with the title.
The facts of the case, therefore, show the plaintiff’s right to a decree, without making it necessary to decide any questions as to the extent of the limits of town lots bounded by a street.
Decree for the plaintiff.